### IN THE UNITED STATES DISTRICT
### COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Equal Employment<br>Opportunity Commission<br>    10 S. Howard St., 3rd Floor<br>    Baltimore, MD 21201<br>        Plaintiff,<br><br>    v.<br><br>Randstad US, LP<br>    1305 West 7th St., #28<br>    Frederick, MD 21702<br>        Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT**<br><br><br>JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action brought under Title I of the Americans with Disabilities Act of 1990

("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008

("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment

practices on the basis of disability and to provide appropriate relief to Jason O'Dell, an applicant

for employment with Defendant who was adversely affected by such practices.  As is alleged

with greater particularity in the Statement of Claims below, Randstad US, LP ("Defendant")

discriminated against Mr. O'Dell when it refused to hire him or refer him for employment

assignments with Defendant's clients because of his disability or Defendant's perception of him

having a physical or mental impairment.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345.

This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §

12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   Venue is proper in the United States District Court for the District of Maryland as the employment practices alleged to be unlawful were committed within the jurisdiction of this Court. *See* 42 U.S.C. § 12117(a), incorporating 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1), (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.   At all relevant times, Defendant has continuously been a Delaware corporation conducting business through its Frederick, Maryland, office, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), (h).

6.   At all relevant times, Defendant has been an "employment agency" within the meaning of Section 101(2) and (7) of the ADA, 42 U.S.C. § 12111(2), (7) (incorporating by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c)).

7.   At all relevant times, Defendant has been a "covered entity" under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

8.  All conditions precedent to the institution of this lawsuit have been fulfilled.  More than

thirty days prior to the institution of this lawsuit, Mr. O'Dell filed a Charge of Discrimination

with the EEOC, Charge No. 531-2010-01495, alleging violations of the ADA by Defendant.

After the parties participated in the EEOC's investigative process, the EEOC issued a Letter of

Determination notifying Defendant that there was reasonable cause to believe that it had violated

the ADA through unlawful employment actions, including its failure to hire Mr. O'Dell or refer

him for employment assignments with its clients.  The EEOC then endeavored to eliminate the

unlawful employment practices through informal methods of conciliation, conference, and

persuasion.  After these efforts were unsuccessful, the EEOC so notified the parties and

proceeded with the commencement of this lawsuit.

### Disparate Treatment in Violation of the ADA

9.  Mr. O'Dell was diagnosed with Asperger Syndrome in or about 1994.

10. Asperger Syndrome is as an autism spectrum disorder.

11. Mr. O'Dell's Asperger Syndrome is an impairment that substantially limits the major bodily

function of brain function.

12. Mr. O'Dell's Asperger Syndrome is an impairment that substantially limits one or more of

his major life activities, including but not limited to, learning, concentrating, thinking,

communicating, and social interaction.

13. At all relevant times, Mr. O'Dell 's  Asperger Syndrome qualified as a disability within the

meaning of the ADA, as amended by the ADAAA,  42 U.S.C. § 12102(1)(A).

14. Defendant refused to hire Mr. O'Dell or refer him for employment assignments with its

clients because of an actual or perceived physical or mental impairment.

15.  At all relevant times, Defendant regarded Mr. O'Dell as being disabled within the meaning of the ADA, as amended by the ADAAA, 42 U.S.C. § 12102(1)(C).

16. At all relevant times, Mr. O'Dell was a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. § 12111(8).

17. On or about September 15, 2009, Mr. O'Dell submitted an application to Randstad for a "temp-to-hire" lab technician position.

18. At the time of his application, Mr. O'Dell possessed a Bachelor of Science degree in biology and was qualified for the lab technician position.

19. On or about September 21, 2009, Whitney Cushwa, a Senior Agent for Defendant, called Mr. O'Dell and informed him that, based on O'Dell's qualifications, Defendant would bypass interviewing Mr. O'Dell and proceed directly to the hiring process.

20. Per Ms. Cushwa's instructions, Mr. O'Dell reported to Defendant's Frederick, Maryland, office on or about the following day, September 22, 2009, to complete Defendant's hiring paperwork.

21. In or about September 2009, Defendant engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(1), and 102(b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(1), 12112(b)(5)(B).  These practices include the following actions based on Mr. O'Dell's disability or based on Defendant's  perception of him having a physical or mental impairment:

   a. On or about September, 22, 2009, terminating the hiring process with regard to Mr. O'Dell immediately after Mr. O'Dell disclosed that he had a disability while completing Defendant's hiring paperwork;

    b.  Telling Mr. O'Dell that the lab technician position he had applied for had been put "on hold," when in fact Defendant continued to fill that position;

    c.  Refusing to hire Mr. O'Dell;

    d.  Refusing to refer Mr. O'Dell for employment assignments with Defendant's clients, including but not limited to the lab technician assignment with Life Technologies.

22. The effect of the practices complained of in paragraph 21 has been to deprive Mr. O'Dell of equal employment opportunities and otherwise adversely affect his employment status because of his actual and/or perceived disability.

23. The unlawful employment practices complained of herein were intentional.

24. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Mr. O'Dell's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to hire or refer applicants based on their disabilities, and from any other employment practices that discriminate on the basis of disability.

    B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make Mr. O'Dell whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including but not limited to the immediate hiring of Mr. O'Dell or providing him front pay in lieu thereof.

      D.     Order Defendant to make Mr. O'Dell whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

      E.     Order Defendant to make Mr. O'Dell whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional and mental anguish, pain and suffering, humiliation and frustration.

      F.     Order Defendant to pay Mr. O'Dell punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

      G.     Grant such further legal or equitable relief as the Court deems necessary and proper to the public interest.

H.      Award the EEOC its costs of this action.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

_____/s/_____
DEBRA M. LAWRENCE Bar No. 04312
Regional Attorney

_____/s/_____
MARIA LUISA MOROCCO Bar No.
24357 Supervisory Trial Attorney

THOMAS D. RETHAGE, JR.
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market St., Suite 1300
Philadelphia, PA 19107
thomas.rethage@eeoc.gov
Phone: 215.440.2683
Fax: 215.440.2848

Date: May 11, 2011